**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No.: 3:16-801-MGL-1 |
| § | |
| YANCEY KEVON WILSON, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

## I.     INTRODUCTION

Pending before the Court is Defendant Yancey Kevon Wilson's (Wilson) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Pursuant to a written plea agreement, Wilson pled guilty to armed robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count Two), discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) (Count Three), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Four).

At sentencing, Wilson received a total offense level of twenty-eight and a criminal history category of III. Together, this meant Wilson's Guideline range was ninety-seven to 121 months of imprisonment as to Counts Two and Four, with a consecutive term of 120 months as to Count

Three.  The Court sentenced Wilson to a total of 220 months of imprisonment, followed by five years of supervised release.

After sentencing, Wilson filed a motion to vacate his sentence under 28 U.S.C. § 2255, as well as a motion for compassionate release.  The Court denied both motions.

The Court subsequently reduced Wilson's sentence to 207 months of imprisonment based on Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).  He is currently housed at Federal Correctional Institution Coleman Low, with a projected release date of March 5, 2030.

Wilson has since filed this motion for compassionate release.  The government responded, and Wilson replied.  Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.     STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i).  In doing so, the Court shall consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction:

2

(1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) under certain circumstances, where the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13.

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

### IV.    DISCUSSION AND ANALYSIS

The government concedes Wilson has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will therefore turn to the merits of his motion.

> **A.    *Whether Wilson presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)***

Wilson asserts the recent passage of Amendment 829 to the U.S.S.G. is an extraordinary and compelling reason justifying a reduction in his sentence. Wilson evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Wilson received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Additionally, the effective date of Amendment 829 is November 1, 2024, and the United States Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."). As the Court indicated above, U.S.S.G. § 1B1.13(b)(6) states "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). The Court is therefore unable to consider Amendment 829.

Finally, to the extent Wilson relies upon his rehabilitative efforts while incarcerated, for which the Court commends him, such efforts alone do not constitute extraordinary and compelling reasons. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court nevertheless encourages Wilson to continue participating in any programs the Bureau of Prisons has to offer.

For all these reasons, the Court concludes Wilson has neglected to establish extraordinary and compelling reasons warranting a sentence reduction.

4

B.     ***Whether the Section 3553(a) factors weigh in favor of a sentence reduction***

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Wilson's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable").  These factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed—
  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B)  to afford adequate deterrence to criminal conduct;
  (C)  to protect the public from further crimes by the defendant;
  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5)  any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Wilson pled guilty to a serious offense.  While on parole for strong arm robbery and assault and battery in the first degree, Wilson planned and executed a bank robbery.  He pulled a loaded handgun on the bank manager, threatened to kill her multiple times, absconded with $13,162.00 in cash, and fired two shots in the air as he was fleeing the scene.  Then, after Wilson was arrested on state charges related to the bank robbery, he escaped from the local detention center and led law enforcement on an hours-long search before his mother returned him.

Wilson has only two other criminal convictions on his record. These convictions, however, arise from another violent incident where Wilson sprayed pepper spray in a woman's eyes, forcibly removed her purse, and stole cash, credits cards, and miscellaneous documents from her. And, although Wilson is currently classified by the Bureau of Prisons as having a low risk of recidivism, he was categorized as having a high risk of recidivism from December 2019 to March 2022 and again from March 2023 to October 2023, with a medium risk classification filling in the gap from March 2022 to March 2023.

As the Court indicated above, Wilson has taken steps toward rehabilitating himself while incarcerated. Though the Court is pleased with Wilson's rehabilitative efforts and encourages him to continue them, Wilson has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Moreover, Wilson's sentence fails to create any unwarranted disparity among defendants in similar circumstances. The Court recently reduced Wilson's sentence to a total of 207 months, consisting of eighty-seven months as to Counts Two and Four and 120 months as to Count Three. And, as to Counts Two and Four, this is below the median sentence imposed upon defendants with the same primary Guideline, final offense level, and criminal history category as Wilson. *Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited June 5, 2025).

Upon balancing the Section 3553(a) factors, the Court therefore determines Wilson is unentitled to a sentence reduction. Wilson's sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. Accordingly, the Court will deny his motion.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Wilson's motion for compassionate release, ECF No. 166, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of June 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
