

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| YANCEY KEVON WILSON,<br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§ Criminal Action No.: 3:16-801-MGL-1<br>§ Civil Action No.: 3:18-2990-TLW<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO ALTER OR AMEND**

**I. INTRODUCTION**

Pending before the Court is Petitioner Yancey Kevon Wilson's (Wilson) pro se motion to alter or amend the judgment denying his 28 U.S.C. § 2255 (Section 2255) motion. Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II. FACTUAL AND PROCEDURAL HISTORY**

Pursuant to a written plea agreement, Wilson pled guilty to armed robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count Two), discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) (Count Three), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Four). As is relevant here, the plea agreement provides:

> [Wilson] represents to the [C]ourt that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice; that [Wilson] has been truthful with his attorney and rela[y]ed all information of which [he] is aware pertaining to the case; that [Wilson] and his attorney have discussed possible defenses, if any . . . .
>
> [Wilson] is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, [Wilson], in exchange for the concessions made by the [g]overnment in this [p]lea [a]greement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect [Jones]'s sentence.

Plea Agreement ¶¶ 13–14.

At sentencing, Wilson received a total offense level of twenty-eight and a criminal history category of III. Together, this meant Wilson's guideline range was ninety-seven to 121 months of imprisonment as to Counts Two and Four, with a consecutive term of 120 months as to Count Three. The Court sentenced Wilson to a total of 220 months, followed by five years of supervised release.

Wilson appealed, and the Fourth Circuit dismissed his appeal as barred by the appellate waiver in his plea agreement. Wilson then filed his Section 2255 motion to vacate. The Court denied the motion on May 20, 2020. Twenty-two days later, the United States Postal Service (USPS) postmarked this motion to alter or amend. The government failed to respond.

Based on Amendment 821 to the United States Sentencing Guidelines, the Court thereafter reduced Wilson's sentence to a total of 207 months of imprisonment.

### III.     STANDARD OF REVIEW

Under Rule 59(e), the Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Moreover, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## IV.  DISCUSSION AND ANALYSIS

As an initial matter, this motion to alter or amend, which USPS postmarked twenty-two days after the Court ruled on Wilson's Section 2255 motion, is timely.

The Court first notes it is unrequired to construe Wilson's motion as a successive habeas petition. *See Banister v. Davis*, 590 U.S. 504, 521 (2020) ("A Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application."). In short, the Supreme Court has held the limited time to file a Rule 59(e) motion and its limited scope differentiate it from a Rule 60(b) motion. "A Rule 59(e) motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal. . . . Its operation, rather than allowing repeated attacks on a decision, helps produce a single final judgment for appeal." *Id.* at 516.

Turning to the merits of Wilson's motion, he maintains the Court committed a clear error of law by failing to consider either his motion to supplement his Section 2255 motion or his "sworn affidavit" in support of his Section 2255 motion. Motion to Alter or Amend at 4. The Court, however, never received Wilson's motion to supplement and was thus unable to consider it.

Moreover, the Court considered the allegations set forth in Wilson's unsworn declaration but nevertheless determined he was unentitled to relief. *Compare* Wilson's Declaration ¶¶ 1–3 (stating plea counsel presented Wilson with a cooperation plea offer and noncooperation plea offer, plea counsel informed Wilson a guilty plea would result in a three-point reduction for acceptance of responsibility, and plea counsel advised Wilson his sentence would remain unaffected by his obstruction of justice charge), *with* Order at 10–11 ("Counsel acknowledges . . . he 'did not perceive a problem existing for acceptance of responsibility until the [presentence investigation report] was issued and identified . . . the escape by [Wilson], which occurred over a year before the federal indictment, would be considered obstruction of justice and acceptance of responsibility could be lost.' . . . . [Wilson] alleges . . . this 'bad advice [led] to rejection of a favorable plea deal or offer.' But he does not explain what that other plea offer was, and both the Government and his counsel deny . . . there was a more favorable plea offer available. Accordingly, the Court concludes [Wilson] has not satisfied both prongs of *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] regarding this claim and he is therefore not entitled to relief.").

For all these reasons, the Court is unconvinced it committed a clear error of law that would justify altering or amending the judgment. The Court will thus deny Wilson's motion.

4

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Wilson's motion to alter or amend judgment, ECF No. 125, is **DENIED**.

To the extent Wilson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 17th day of June 2025, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.